UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHAD COOPER                                      CIVIL ACTION NO. 3:17-CV-618

VS.                                              SECTION P

                                                 JUDGE ROBERT G. JAMES

FRANKLIN PARISH DETENTION CENTER                 MAGISTRATE JUDGE HAYES

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on May 9, 2017, by *pro se* plaintiff Chad Cooper. Plaintiff is incarcerated at the Franklin Parish Detention Center (FPDC) in Winnsboro, Louisiana. He sues the FPDC and Percy Marzell. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff is incarcerated in Holding Cell #176 at FPDC. According to his complaint, he is allowed to "make commissary" every Monday and Thursday. On May 1, 2017, he was denied commissary; he wanted to purchase a postage stamp to send his mother a Mother's Day card. He seeks $5,000.00 in damages.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

**2.  No Constitutional Right to Commissary**

Plaintiff seeks $5,000 in damages from FPDC to compensate him for being unable to purchase a stamp in commissary.  However, there is no constitutional right for an inmate to be able to purchase items from a commissary. *Patin v. LeBlanc*, 2012 U.S. Dist. LEXIS 106300, 2012 WL 3109402 (E.D. La. May 18, 2012); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *Harrison v. Federal Bureau of Prisons*, 611 F. Supp.2d 54, 62 (D.D.C. 2009) ("It is established that an inmate has no federal constitutional right to purchase items from a prison commissary."); *Hopkins v. Keefe Commissary Network Sales,* No. 07-745, 2007 U.S. Dist. LEXIS 99140, 2007 WL 2080480, at *5 (W.D. Pa. Jul. 12, 2007).  As plaintiff's complaint asserts that he was not allowed to purchase a stamp from commissary on one occasion, to mail his mother a card, his claim is frivolous and fails to state a claim upon which relief may be granted.

Accordingly,

### Conclusion

**IT IS RECOMMENDED**  that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions

accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

    In Chambers at Monroe, Louisiana, June 15, 2017.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**